UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NOAH SCHRODER,<br><br>              Plaintiff,<br><br>    v.<br><br>WARDEN JAY CHRISTENSEN,<br>SERGEANT TAYLOR, SERGEANT<br>BON JOVI, OFFICER BURRUS,<br><br>              Defendants. | Case No. 1:20-cv-00583-DCN<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

The Complaint of Plaintiff Noah Schroder was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 5, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). After reviewing the Complaint, the Court has determined that Plaintiff may proceed on his claims, but will be required to pursue his conditions of confinement claims in this case and his medical claims

in a severed case that will be assigned a new case number.

## REVIEW OF COMPLAINT

### 1.  Standard of Law

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Pro se complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the amendments to the United States Constitution.

Conditions of confinement that amount to cruel and unusual punishment violate the Eighth Amendment of the federal Constitution. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, and personal safety. *See Farmer v. Brennan,* 511 U.S. at 832; *Keenan v. Hall*, 83 F.3d 1083, 1098 (9th Cir. 1996); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). "The

circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d at 731. For example, the "'more basic the need the shorter the time it can be withheld.'" *Id*. (quoting *Hoptowit,* 682 F.2d at 1259). Unless the need is serious, temporary unconstitutional conditions of confinement do not rise to the level of constitutional violations. *See Anderson v. County of Kern*, 45 F.3d 1310 (9th Cir. 1995.)

The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). While conditions of confinement may be harsh and restrictive without being a violation of the Eighth Amendment, they cross the line of acceptability when they (1) involve "the wanton and unnecessary infliction of pain," (2) are "grossly disproportionate to the severity of the crime warranting imprisonment," (3) result "in unquestioned and serious deprivation of basic human needs, or (4) deny an inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Where conditions of confinement are challenged, a plaintiff must make two showings. First, the plaintiff must make an "objective" showing that the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation. *Johnson v. Lewis*, 217 F.3d at 731.

Second, the plaintiff must make a "subjective" showing that the prison official acted "with a sufficiently culpable state of mind." *Id*. To establish an official's deliberate indifference, an inmate must show that (1) the officer was aware of the risk to the prisoner's health or safety, and (2) the officer deliberately disregarded that risk. *Farmer v. Brennan*,

511 U.S. at 837. To rebut the subjective inquiry, prison officials may present evidence that they reasonably responded to the risk. *Id.* at 844–45. Mere negligence is not sufficient to establish deliberate indifference; rather, the official's conduct must have been wanton. *Id.* at 835.

The Prison Litigation Reform Act of 1995 ("PLRA") requires prisoners to properly exhaust all available prison administrative remedies before they can bring their claims in a new or ongoing civil rights lawsuit challenging the conditions of their confinement. 42 U.S.C. § 1997e(a); *see Cano v. Taylor*, 739 F.3d 1214, 1220-21 (9th Cir. 2014). "Proper" exhaustion means that the prisoner must comply "with [the prison's] deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)."There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).

### 2. Factual Allegations and Discussion re: Flooding Claims

Plaintiff alleges that Defendants Correctional Officer Burrus, Sergeant Taylor, Sergeant Bon Jovi, and Warden Jay Christensen knew that Plaintiff's assigned cell at the Idaho State Correctional Center (ISCC), No. D-2 8A, had been flooding for years during rain or snow storms, but did not resolve the issue. On or about May 1, 2020, Plaintiff slipped in a pool of water and fell down, tearing his Achilles tendon, as a result of standing water in his cell. Dkt. 1, Complaint.

Plaintiff's Grievance of October 30, 2020, says that he notified Defendants Burns and Bon Jovi verbally in May and October 2020 about the flooding problem. Dkt. 1-1, pp. 1-2, Grievance Form No. IC-200000948. It does not appear that Plaintiff filed a grievance

complaining about his *injury* within 30 days of his slip and fall incident. Therefore, he may not be able to pursue his injury claim for $1,000,000 in damages against Defendants for failure to exhaust administrative remedies. Plaintiff's grievance was filed many months after the injury and asked for the remedy of *fixing the leak before winter arrived*; it did not request damages for a prior injury from May 2020. *See Booth v. Churner*, 532 U.S. 731 (2001) (The Prison Litigation Reform Act (PLRA) requires administrative exhaustion even where grievance process does not permit award of money damages and prisoner seeks only money damages, as long as grievance tribunal has authority to take some responsive action.).

The Court will permit Plaintiff to proceed to the preliminary procedural stage of litigation, where his claims for money damages may be dismissed if his exhaustion of remedies was deficient, and, indeed, his entire lawsuit may be dismissed, because he does *not* appear to be requesting injunctive relief that corresponds to the claim he *did* properly exhaust—the water pooling condition that still existed in October 2020. *See Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (Griffin's grievance appeals did not mention the alleged disregard of his lower bunk assignment, instead continuing to demand a ladder or stool to access the top bunk; therefore, his claims that prison officials disregarded an order for a lower bunk was not properly exhausted). See also *McCollum v. California Dep't of Corr. & Rehab.*, 647 F.3d 870, 876 (9th Cir. 2011) (The district court correctly concluded that the claims by Spooner, Iloff, Dacus, and Mourland failed to alert CDCR that their grievances sought redress for the absence of a paid Wiccan chaplaincy—an allegedly unexhausted claim in the complaint. In particular, "Spooner's grievance stated

that CDCR did not have a full-time chaplain, but did not suggest a full-time chaplain was required, instead proposing that Spooner himself serve as an inmate minister. Iloff's grievance alleged religious discrimination in the form of unequal access to worship spaces. Dacus similarly grieved of inadequate access to sacred items and generally inadequate accommodations of minority religions. Mourland alleged insufficient access to Wiccan vendors of religious materials. These grievances give notice that inmates allege the prison policies fail to provide for certain general Wiccan religious needs and free exercise, but do not provide notice that the source of the perceived problem is the absence of a paid Wiccan chaplaincy.").

Because exhaustion of administrative remedies appears at issue, the Court will not issue the standard disclosure and discovery order, but will permit the parties to review the procedural posture of the case and engage in disclosures and discovery related only to procedural issues if Defendants decide to pursue preliminary procedural defenses.

### 3.  Conclusion re: Flooding Claims

The Court will liberally construe Plaintiff's Complaint and permit him to proceed as outlined above on the flooding conditions of confinement claims. This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims, but it is only a determination that one or more of Plaintiff's claims is plausible and should proceed to the next stage of litigation.

The Court will not issue the standard disclosure and discovery order at this point, but will permit Defendants to determine whether they desire to contest any procedural or legal issues that may eliminate the need for full discovery. Defendants will be permitted to file an early motion for dismissal or summary judgment. Defendants and Plaintiff will be required to disclose and exchange all information and records that are relevant to threshold procedural issues set forth in any motion within 30 days after service of any such motion. Plaintiff will then have an additional 30 days to file a response (60 days total). Should Defendants file an answer, rather than a motion, the Court will issue a disclosure and discovery order.

### 4.  Severance of Medical Claims

Plaintiff also alleges that Defendants Chris Johnson, Rona Siegert, and Physician's Assistant Reese failed to give him timely and appropriate medical care for his Achilles tendon injury. This claim is legally unrelated to the claim that non-medical prison officials have permitted standing water to remain in his cell, which caused his fall, and there are no common defendants among the two sets of claims.

Claims against multiple defendants within a single pleading must comply with Federal Rule of Civil Procedure 20(a)(2). That rule requires that at least one claim against all defendants must "arise out of the same transaction, occurrence, or series of transactions or occurrences" and raise "a question of law or fact common to all defendants." *See* Fed. R. Civ. P. 20(a)(2). Claims that do not meet these criteria must be separated into different

lawsuits.[1] The Court will allow only similar claims, grouped by similar defendants, to be included in a complaint. Therefore, the medical claims will be severed into a separate lawsuit.

## ORDER

**IT IS ORDERED:**

1. Plaintiff may proceed on the flooding conditions of confinement claims against Defendants Correctional Officer Burrus, Sergeant Taylor, Sergeant Bon Jovi, and Warden Jay Christensen.

2. The following claims are severed from this action: medical claims against Defendants Chris Johnson, Rona Siegert, and Physician's Assistant Reese. The Clerk of Court shall open a new case and file a copy of Plaintiff's Complaint in that action. The Court will issue a separate screening order in that case.

3. Defendants will be allowed to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within **30 days**. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Complaint (Dkt. 1) with exhibits, a copy of this Order,

---

[1] *See, e.g., George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (in PLRA context: "A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.").

and a Waiver of Service of Summons to the following counsel:

> **Mark Kubinski**, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706, on behalf of Defendants **Correctional Officer Burrus, Sergeant Taylor, Sergeant Bon Jovi, and Warden Jay Christensen**.

4.  Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, identifying the individuals for whom service will not be waived.

5.  If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or for certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the Defendants, or claims against them may be dismissed without prejudice without further notice.

6.  Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

person upon whom service was made.

7.  Plaintiff and Defendants will be required to disclose and exchange all information and records that are relevant to the threshold issues identified in any motion filed by Defendants within 30 days after the filing of such motion. Plaintiff will then have an additional 30 days to file a response (60 days total). Should Defendants file an answer, rather than a motion, the Court will issue a disclosure and discovery order and set a dispositive motion deadline.

8.  No other discovery will be permitted or disclosures required until further order of the Court.

9.  Relevant documents may be produced in a redacted form if necessary for security or privilege purposes; and, if necessary, the producing party must provide a security/privilege log sufficiently describing any undisclosed relevant documents which are alleged to be subject to nondisclosure. Any party may request that the Court conduct an in camera review of withheld documents or information.

10. Submission of an earlier motion for summary judgment addressing procedural or preliminary issues does not foreclose any party from later filing a motion for summary judgment on the merits or to assert immunity or other defenses after full discovery.

11. The Court will not consider *ex parte* requests unless a motion may be heard *ex parte* according to the rules and the motion is clearly identified as requesting an *ex parte* order, pursuant to Local Rules of Civil Practice before the United States

District Court for the District of Idaho 7.2. ("*Ex parte*" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

13. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter then pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

14. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

DATED: March 8, 2021

David C. Nye
Chief U.S. District Court Judge