UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NOAH SCHRODER,<br><br>            Plaintiff,<br><br>    v.<br><br>WARDEN JAY CHRISTENSEN, SERGEANT TAYLOR, SERGEANT BON JOVI, OFFICER BURRUS,<br><br>            Defendants. | Case No. 1:20-cv-00583-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this prisoner civil rights case filed by Plaintiff Noah Schroder is Defendants' Motion for Summary Judgment on grounds of exhaustion and immunity. Dkt. 19. The motion is now fully briefed. Having reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record, and oral argument is unnecessary. D. Id. L. R. 7.1(b). Based on the record and the governing law, the Court will grant the Motion for Summary Judgment for the reasons set forth in this Order.

**REVIEW OF MOTION TO DISMISS**

   **1. Standard of Law**

The Prison Litigation Reform Act of 1995 ("PLRA")[1] requires prisoners to exhaust

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

all available prison administrative remedies before they can bring their claims in a new or ongoing civil rights lawsuit challenging the conditions of their confinement. 42 U.S.C. § 1997e(a). The prisoner must comply "with [the prison's] deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

To exhaust a claim, a prison grievance, liberally construed, must have the same subject and same request for relief as the plaintiff's complaint. *See, e.g., Hill v. McGrath*, 2008 WL 3823042, at *2 (N.D. Cal. Aug. 13, 2008). Otherwise, the exhaustion requirement is not satisfied. *See Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (Griffin's grievance appeals did not mention the alleged disregard of his lower bunk assignment, instead continuing to demand a ladder or stool to access the top bunk; therefore, his claims that prison officials disregarded an order for a lower bunk was not properly exhausted). *See also McCollum v. California Dep't of Corr. & Rehab.*, 647 F.3d 870, 876 (9th Cir. 2011) (The district court correctly concluded that the claims by Spooner, Iloff, Dacus, and Mourland failed to alert CDCR that their grievances sought redress for the absence of a paid Wiccan chaplaincy—an allegedly unexhausted claim in the complaint. In particular, "Spooner's grievance stated that CDCR did not have a full-time chaplain, but did not suggest a full-time chaplain was required, instead proposing that Spooner himself serve as an inmate minister. Iloff's grievance alleged religious discrimination in the form of unequal access to worship spaces. Dacus similarly grieved of inadequate access to sacred items and

generally inadequate accommodations of minority religions. Mourland alleged insufficient access to Wiccan vendors of religious materials. These grievances give notice that inmates allege the prison policies fail to provide for certain general Wiccan religious needs and free exercise, but do not provide notice that the source of the perceived problem is the absence of a paid Wiccan chaplaincy.").

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211. Proper exhaustion is required "even where it may appear futile." *Nunez v. Duncan*, 591 F.3d 1217, 1231 (9th Cir. 2010) (quoting *Booth v. Churner*, 532 U.S. 731, 741 (2001)). The exhaustion requirement supports the important policy concern that prison officials should have "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204. As the PLRA intended, all motions addressing exhaustion of administrative remedies, including "disputed factual questions relevant to exhaustion[,] should be decided at the very beginning of the litigation." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc).

The defendant bears the ultimate burden of proving failure to exhaust. *See Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). If the defendant initially shows that (1) an available administrative remedy existed and (2) the prisoner failed to exhaust that remedy, then the burden of production shifts to the plaintiff to bring forth evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172.

MEMORANDUM DECISION AND ORDER - 3

If a prisoner has failed to exhaust available administrative remedies, the appropriate remedy is dismissal without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003), *overruled in part on other grounds by Albino*, 747 F. 3d 1162.

### 2. Facts and Discussion

Plaintiff alleges that Defendants Correctional Officer Burrus, Sergeant Taylor, Sergeant Bon Jovi, and Warden Jay Christensen knew that Plaintiff's assigned cell at the Idaho State Correctional Center (ISCC), No. D-2 8A, had been flooding for years during rain and snowstorms, but they did not resolve the issue. On or about May 1, 2020, Plaintiff slipped in a pool of water and fell down, tearing his Achilles tendon, as a result of standing water in his cell. Dkt. 1.

Plaintiff filed his Grievance nearly six months later, on October 30, 2020, saying that he notified Defendants Burns and Bon Jovi verbally in May and in October 2020 about the flooding problem; he noted that he was disappointed the issue had not yet been resolved, "especially as [he'd] experienced a life altering injury." Dkt. 15-6, p. 12, Grievance Form No. IC-200001741. Plaintiff asked that they "[s]imply fix the leak as promised." He added, "It's been over six months! My fear is I could slip again as the weather is still returning." *Id*.

The IDOC Grievance Policy requires the filing of a grievance within 30 days after an incident or injury occurs. *Defendants' SOF*, ¶ 6, Dkt. 15-7. While it is admirable that Plaintiff waited patiently for prison officials to fix the flooding problem between May and October, that is a completely different issue from whether he placed prison officials on notice in a timely manner that he *was making a claim for injuries* the occurred in *May*.

Rather, under the published grievance policy, any claim for injuries from that slip-and-fall incident must have been filed by June, not October.

As of October, the most Plaintiff could ask as a remedy is that the problem be fixed, which is classified as "injunctive relief." However, as noted above, the remedy requested in the grievance must be the same remedy requested in the Complaint. Here, Plaintiff has not requested injunctive relief, only damages. In any event, Plaintiff no longer lives in that cell; thus, any injunctive relief request would be moot.

Plaintiff's grievance was filed many months after the injury and asked for the remedy of *fixing the leak before winter arrived*. At the time he filed the request and following it through the grievance appeal, Plaintiff properly exhausted his claim that the flooding be fixed That claim was made moot by his transfer from that cell.

In his Grievance, Plaintiff did not request damages for a prior injury from May 2020, nor could he, because the time frame for doing so had ended. If Plaintiff wanted a million dollars, he was required to file a grievance asking for damages in a timely manner. *See Booth v. Churner*, 532 U.S. 731 (2001) (The Prison Litigation Reform Act (PLRA) requires administrative exhaustion even where grievance process does not permit award of money damages and prisoner seeks only money damages, as long as grievance tribunal has authority to take some responsive action.).

Nothing in the record suggests that Plaintiff was unable to file a timely grievance to complain of the slip and fall incident by June, because he filed 13 other grievances between April 28, 2020, when he was transferred to the offending facility, and October 30, 2020, when he filed his first grievance about the flooding. *See Defendants' SOF* ¶¶17-25, Dkt.

15-7.

Plaintiff argues that it is nonsensical that he should have to give Defendants notice of a safety hazard of which they were already aware. *See* Dkt. 17. However, that is not the point of the law. The point is that prison officials deserve to have notice when someone in particular, here, Plaintiff, has injured himself and is seeking a million dollars in damages. As set forth above, the time frame for giving Idaho prison officials notice is 30 days after the injury occurred.

Plaintiff's filings in opposition to summary judgment otherwise focus on the merits of the claims, which this Court cannot reach if he did not fully and fairly attempt to exhaust his particular claims *contained in the Complaint* in the prison grievance system according to prison rules. *See* Dkts. 17, 18. He did not; thus, he is not entitled to raise issues addressing the merits.

The Court does not reach the Eleventh Amendment immunity issue. The Court generally construes pro se complaints as stating a claim whenever possible (for example, a suit for damages against defendants in their official capacities is construed as against them in their individual capacities because an official capacity suit for damages is impossible under the law). *See Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 973 n.16 (9th Cir. 1994). However, because Plaintiff cannot sue for monetary damages *or* injunctive relief here, his entire case will be dismissed on failure to exhaust and mootness grounds.

///
///

MEMORANDUM DECISION AND ORDER - 6

**ORDER**

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Dkt. 15) is GRANTED, and this case is DISMISSED without prejudice.

DATED: December 1, 2021

David C. Nye
Chief U.S. District Court Judge